## Osterhout's Estate.   Keeney's Appeal.
## Keeney, Appellant, *v.* Handrick.

*Parol gift of personal property—Question for jury—Sufficiency of evidence.*

Shortly before his death, a decedent handed to his son-in-law, who resided with him, and between whom and the decedent the relations were intimate, certain bonds. The language used by the decedent at the time of the transfer of the bonds was equivocal, but there was testimony that at other times he had stated that he had given the bonds to his son-in-law, and that he meant to do well by him. A proceeding having been begun by one executor of decedent's estate to recover these bonds from the alleged donee, who was a coexecutor, and who claimed them as having been given him by the decedent:

*Held,* that the question was purely one of fact to be submitted to the jury, under proper instructions, and that the sufficiency of the evidence was for them.

Argued Feb. 24, 1892. Appeals, No. 131, Jan. T., 1892, by plaintiff, Seth L. Keeney, executor of the estate of P. M. Osterhout, deceased, from judgment of C. P. Wyoming Co., Nov. T., 1890, No. 38, on verdict for defendant, Eugene S. Handrick, in feigned issue certified from O. C.; No. 130, Jan. T., 1892, from decree of O. C. Wyoming Co., approving the verdict of the jury in C. P., dissolving injunction and dismissing petition. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Issue certified by orphans' court to determine ownership of bonds.

At the trial, before SITTSER, P. J., the evidence was to the following effect: P. M. Osterhout was the owner of the bonds in dispute. His son-in-law, Eugene S. Handrick, resided with him. A short time before decedent's death he sent Handrick to the bank where the bonds had been deposited with a note to the cashier to "let Eugene have bonds to bring down home." The cashier declined to do so, but himself took the bonds to Mr. Osterhout and handed them to him, and Handrick being then present, Osterhout handed the bonds to him, saying, " Eugene, here are the bonds." Handrick left the room, and Osterhout said to the cashier that he always intended to do well by Eugene. This testimony was objected to, but admitted.

R. T. Handrick, a brother of defendant, also testified to a declaration of deceased made after the gift that he had given Eugene his bonds. This testimony was objected to, but admitted.

Seth L. Keeney, another son-in-law, and Handrick were the executors of Osterhout's will. After testator's death, Handrick claimed these bonds as having been given him by the testator; whereupon Keeney presented a petition, as one of the executors, to the orphans' court, asking for a decree directing his coexecutor to surrender the bonds to the estate, and also for an injunction restraining him from selling or disposing of them. The injunction was granted, and afterwards an issue framed, in which Keeney was plaintiff and Handrick defendant, and sent to the common pleas to try the disputed question as to whether the bonds had been given as alleged. It was upon the trial of this issue that the testimony above indicated was given. In rebuttal plaintiff offered to prove what property the testator possessed at the date of the making of the will, the proportion in which this property was divided under the terms of the will, and that this alleged gift if sustained, together with the specific legacies to defendant, would practically exhaust the estate of testator. The evidence was objected to and excluded.

The court submitted the question to the jury, saying in the course of the charge, among other things:

" [Now the jury are the judges of the meaning of the words used by Mr. Osterhout. If you find that at the time F. W. DeWitt was there he expressed the thought and the intention of giving these bonds to E. S. Handrick, and did deliver them to him, then you would be justified in finding for the defendant upon that branch of the case. On the other hand if the evidence does not satisfy you that at that time P. M. Ousterhout did by words express the idea of a gift of that property to E. S. Handrick, then there was no gift made and so far as that particular time is concerned you ought to find that the proof of gift was not made out.] [7]

" [It has been urged here in the argument of this case that the witnesses to prove a gift should be present at the time the gift was made; that the donor and donee should be brought face to face and that a gift cannot be proven by the declarations of the donor or giver.

" We do not agree with this proposition. While that would be true in the case of real estate, an attempt to transfer the title of land by parol, it is not so in the case of a controversy over the gift of personal property. That gift may be proven by the testimony of one credible witness, and it may be shown by the declarations of the donor or giver. It is true that where an attempt is made to prove a gift by the declarations of a donor, testimony of this kind should be carefully scrutinized. It is easily fabricated and hard to contradict, and it is always the duty of the jury to scan such evidence closely.

" R. T. Handrick was called as a witness on the part of the defendant and testified to meeting Mr. Osterhout one Sunday morning and to having a conversation with him. He testifies that Mr. Osterhout told him that he (Osterhout) had given the bonds to Eugene Handrick.

" It is claimed here on the part of the counsel for the plaintiff that a gift cannot be proven by the declarations of a donor made at a time different from that when it is claimed that the gift was made; but we say to you that a gift may be proven by the declarations of the donor, and if you believe that Mr. Osterhout said to R. T. Handrick that he had given those bonds to Eugene Handrick, and you credit that testimony, you may find from his declaration that he had at some time previously given these bonds to Eugene S. Handrick, the defendant.

" So the question will turn on the credit which you choose
to give to the testimony of R. T. Handrick, and upon that
branch of the case you can take into consideration, as I have
already stated to you, the circumstances of Mr. Osterhout's
estate; the amount that he had previously given to Mr. Han-
drick; the amount that would be left for distribution by his
executors; and you can take into consideration the services
rendered to Mr. Osterhout by Mr. Handrick, and the expres-
sions of gratitude uttered by Mr. Osterhout, for the purpose
of determining the reasonableness or the unreasonableness of
the story related by R. T. Handrick.] " [8]

Verdict for defendant and judgment thereon.   The verdict
was certified to the orphans' court, where it was approved, the
injunction was dissolved, and the plaintiff's petition dismissed
at his costs.   Plaintiff took two appeals: From the judgment
of the common pleas, and from the decree of the orphans'
court.

*Errors assigned* in the appeal from the common pleas were
to the admission and exclusion of testimony and (7 and 8) the
portions of the charge given above, quoting them; the error
assigned to the decree of the orphans' court was the action of
the court in approving the verdict, dismissing the petition, etc.

*Henry W. Palmer* and *W. E. Little*, with them *James E.
Frear, C. A. Little* and *Ross & Dersheimer*, for appellant.

*Charles E. Terry* and *James W. Piatt*, with them *Harding &
Jorden*, for appellee.

## KEENEY, APPELLANT, v. HANDRICK.

PER CURIAM, March 28, 1892:

This was an issue sent from the orphans' court of Wyoming
county into the court of common pleas of said county, for trial,
in which Seth L. Keeney, as executor of the last will and tes-
tament of P. M. Osterhout, deceased, was plaintiff, and E. S.
Handrick was defendant.   The issue was to try the question
of ownership of seven bonds, of $1,000 each, formerly the prop-
erty of the said P. M. Osterhout, deceased.   The defendant
contended that the bonds in question had been given to him
by the deceased, shortly before his death.   The plaintiff con-
tended that there had been no such valid gift, and that he was

entitled to the possession of said bonds, as the executor of the estate of Osterhout.

The whole case turned upon the sufficiency of the evidence to sustain the gift. There was no question as to the delivery of the bonds by the testator to the defendant, who was his son-in-law. It was alleged, however, that the language of the testator, at the time of the delivery, and in connection therewith, was equivocal. Conceding this to be so, the meaning of testator's language was for the jury. It is idle to say that it was not consistent with a gift, and there was other evidence in the cause tending to show that it was intended by the testator as a gift. In any event there was sufficient evidence upon this point to submit to the jury, and, as it appears to have been submitted upon careful and satisfactory instructions by the court, we see no reason why the judgment should be disturbed.

Judgment affirmed.

### OSTERHOUT'S ESTATE. KEENEY'S APPEAL.

PER CURIAM, March 28, 1892:

This is a branch of the same case as Keeney v. Handrick, just decided. It is specified as error that the judge of the orphans' court approved of the verdict of the common pleas. Having held that there was no error in the trial of that issue, it follows that it was not error to approve the finding of the jury.

The decree is affirmed, and the appeal dismissed, at the costs of the appellant.